[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11413
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60269-DTKH-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIO A. RIQUENES,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 23, 2013)

Before CARNES, Chief Judge, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Elio Alfredo Riquenes appeals his 36-month sentence for one count of conspiracy to possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).  Riquenes procured 2,106 suspected oxycodone pills,[1] and two other co-conspirators arranged to sell them to a Drug Enforcement Administration (DEA) confidential informant.  On appeal, Riquenes argues that: (1) his unsophisticated and limited role in the conspiracy merited a two-level minor role reduction to his offense level; and (2) his sentence, even though representing a 10-month downward variance from the advisory guideline range of 46 to 57 months' imprisonment, is substantively unreasonable.  After a thorough review of the record, we affirm.

## I. Minor Role Reduction

We review a district court's factual determination of a defendant's role in the offense for clear error.  *United States v. Rodriguez De Varon*, 175 F.3d 930, 938 (11th Cir. 1999) (en banc); *see* 18 U.S.C. § 3742(e) ("The court of appeals . . . shall accept the findings of fact of the district court unless they are clearly erroneous . . . .").  The proponent of the downward adjustment "always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." *De Varon*, 175 F.3d at 939.

A defendant who is a "minor participant" in a criminal offense receives a

---

[1] Although Riquenes and his co-conspirators believed the pills to be oxycodone, the pills later tested negative for controlled substances.

2

two-level reduction to his base offense level.  U.S.S.G. § 3B1.2(b).  A minor participant is a participant who is "less culpable than most other participants, but whose role could not be described as minimal."  U.S.S.G. § 3B1.2, cmt. n.5; *see id.* § 3B1.2, cmt. n.4 (explaining that a "minimal participant" is "plainly among the least culpable of those involved in the conduct of a group").

Although the district court's factual determination regarding a defendant's role in the offense is entitled to deference, it "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct."  *De Varon*, 175 F.3d at 940.  With regard to the first principle, "the district court must measure the defendant's role against [his] relevant conduct, that is, the conduct for which [he] has been held accountable" in calculating his base offense level.  *United States v. Keen*, 676 F.3d 981, 997 (11th Cir.) (internal quotation marks omitted), *cert. denied*, 133 S. Ct. 573 (2012).  As for the second principle, the district court may make an assessment of relative culpability among the various participants in a criminal offense that were involved in the relevant conduct attributed to the defendant.  *See Keen*, 676 F.3d at 997.  Even if a defendant played a lesser role in the relevant criminal conduct, "it is possible that none are minor or minimal participants," and so the district court "must determine that the defendant was less

3

culpable than *most other participants* in [his] relevant conduct." *De Varon*, 175 F.3d at 944 (emphasis in original) (internal quotation marks omitted).

Here, Riquenes did not carry his burden to show, by a preponderance of the evidence, that he was entitled to a minor role reduction to his offense level, and the district court's determination to the contrary was not clearly erroneous. *See id.* at 938. In keeping with the first principle of *De Varon*, the district court looked to the extent that Riquenes was involved in the relevant conduct of his offense, and determined that the relevant conduct encompassed only the drugs with which Riquenes was personally involved. *See id.* at 940–42. Then, looking to the relative culpability of all of the participants and concluding that they were responsible for the same relevant conduct, the district court determined that it was ultimately Riquenes who found and negotiated with the oxycodone supplier— actions which constituted a significant degree of responsibility. Accordingly, the district court concluded that Riquenes was not less culpable than the other participants in the conspiracy. The district court had "considerable discretion" in making this factual determination, and we conclude that its decision was not clearly erroneous. *See id.* at 946.

## II. Substantive Reasonableness

We review the substantive reasonableness of a sentence using a deferential abuse of discretion standard. *United States v. Irey*, 612 F.3d 1160, 1165 (11th Cir.

2010) (en banc). We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted). The party challenging the sentence bears the burden of showing it to be "unreasonable in light of the record and the § 3553(a) factors." *United States v. Langston*, 590 F.3d 1226, 1236 (11th Cir. 2009).

The district court must issue a punishment "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, and to protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the need to avoid unwarranted sentencing disparities. *Id.* §§ 3553(a)(1), (4)(A), and (6). The "weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (internal quotation marks omitted). We will not "set aside a sentence merely because we

would have decided that another one is more appropriate. . . . A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191 (citations omitted). "[W]e ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alterations and internal quotation marks omitted). The fact that a given sentence is lower than the statutory maximum may also be an indicator of reasonableness. *See United States v. Valnor*, 451 F.3d 744, 751–52 (11th Cir. 2006).

Riquenes has not carried his burden to show that his sentence, which represented a 10-month downward variance from the guideline range, was unreasonable, or that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190. The district court recognized its obligation to consider the § 3553(a) factors, and explicitly considered Riquenes's familial and economic situation, as well as his unsophisticated participation in an unsophisticated oxycodone scheme; on the other hand, the district court recognized the criminal severity of oxycodone distribution. The district court also noted that Riquenes had no criminal history and was unlikely to appear before it again on a similar offense, but that general deterrence principles favored a sentence exemplifying the significant consequences for drug offenses.

As for any sentencing disparity between Riquenes and his co-conspirators, Riquenes has not shown that the district court's refusal to impose a greater downward variance based on this factor is unreasonable.  Similar to its analysis of the minor-role reduction issue, the district court stated that Riquenes's role was significant, and the court could reasonably have credited the government's assertion that the co-conspirator's role—which was one of mere introduction between the oxycodone dealer and Riquenes—indeed merited a lighter sentence. The weighing of these § 3553(a) factors was committed to the district court's "sound discretion," and Riquenes has not shown that these conclusions were unreasonable.  *See Williams*, 526 F.3d at 1322; *see also Langston*, 490 F.3d at 1237.  Additionally, Riquenes's sentence is below the guideline range and significantly below the statutory maximum term of 20 years' imprisonment, both of which are additional indicia of reasonableness.  *See Hunt*, 526 F.3d at 746; *Valnor*, 451 F.3d at 751–52; *see also* 21 U.S.C. § 841(b)(1)(C).

**AFFIRMED.**

7